# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| InFocus Healthcare Consultants, LLC, | ) | Civil Action No. 2:20-cv-2079-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **VERIFIED COMPLAINT** |
| Promier Products Inc., | ) | |
| | ) | *Jury Trial Requested* |
| Defendant. | ) | |
| | ) | |

Plaintiff InFocus Healthcare Consultants, LLC ("InFocus"), complaining of the Defendant Promier Products Inc. ("Promier"), hereby alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1. InFocus is a single-member limited liability company organized and existing under the laws of the State of South Carolina with its principal place of business in Charleston County, South Carolina. The single member is a resident of Charleston County, South Carolina.

2. Upon information and belief, Promier is a corporation organized and existing under the laws of the State of Illinois with its principal place of business in Illinois.

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332, as there is complete diversity between InFocus and Promier and the amount at issue exceeds $75,000.

4. Venue is proper in this Court because a substantial part of the events or omissions giving rise to the claims herein occurred and shall continue to occur in Charleston County, South Carolina.

## FACTUAL BACKGROUND

5. On or about May 5, 2020, InFocus and Promier entered into a contract for the purchase by InFocus from Promier of 207,360 KN-95 masks ("Masks") to be delivered by Promier to InFocus customer Texas Department of Emergency Management ("TDEM").

6. KN-95 masks must meet the standards set forth by the United States Centers for Disease Control and Prevention, which require the filtering of 95 percent of particles that are 0.3 microns or larger, including the coronavirus causing the current global pandemic also known as COVID-19.

7. At the time of contracting, Promier provided InFocus with purported certification that the Masks met the established standard for performance for KN-95 masks.

8. InFocus paid for the Masks in full in two payments to Promier: (1) $409,090.00 on May 5, 2020; and (2) $130,046.00 on May 7, 2020.

9. Promier delivered the Masks to TDEM on May 8, 2020.

10. Upon delivery, TDEM immediately determined that the Masks did not include the necessary certifications and were manufactured by a company that had been removed from the list of manufacturers approved by the United States Food and Drug Administration and TDEM to make such masks due to the fact that its masks do not meet the standard for protection of the user as required.

11. At the time of delivery of the Masks to TDEM, Promier had notice that the manufacturer had been removed from the list of those approved by the FDA and TDEM.

12. Promier proceeded with the transaction despite its discovery prior to delivery of the Masks that the Masks did not meet the government standards as Promier had represented to InFocus.

13. When TDEM rejected the Masks as not conforming to the industry standard, they were returned to Promier and Promier accepted them.

14. Promier now refuses to return to InFocus the purchase price paid by InFocus to Promier for the Masks.

15. Promier's actions have and will continue to cause damage to InFocus.

### FOR A FIRST CAUSE OF ACTION
(UCC Remedy for Rightful Rejection of Goods)

16. InFocus re-alleges and incorporates by reference all allegations of this Complaint as if fully restated herein.

17. InFocus, through its agent TDEM, rightfully rejected the Masks and, therefore, is entitled to return of the purchase price it paid to Promier pursuant to S.C. Code Ann. § 36-2-711(1).

18. InFocus has incurred incidental damages as a result of Promier's actions, including expenses reasonably incurred in inspection, receipt, transportation and care and custody of the Masks, as well as consequential damages and is entitled to recover these damages from Promier pursuant to S.C. Code Ann. § 36-2-715.

### FOR A SECOND CAUSE OF ACTION
(Breach of Express Warranty)

19. InFocus re-alleges and incorporates by reference all allegations of this Complaint as if fully restated herein.

20. Promier expressly warranted that the Masks met the established standard for performance for KN-95 masks.

21. Promier breached this express warranty, and the Masks failed to meet the established performance standard.

22. InFocus has suffered and will continue to suffer substantial economic loss as a direct and proximate result of Promier's breach of its express warranty alleged herein. InFocus is entitled to a return of the purchase price it paid to Promier and its incidental and consequential damages as a result.

### FOR A THIRD CAUSE OF ACTION
(Breach of Implied Warranties)

23. InFocus re-alleges and incorporates by reference all allegations of this Complaint as if fully restated herein.

24. Promier impliedly warranted that the Masks were of good and merchantable quality and fit for the particular purpose for which the Masks were required.

25. Promier is a merchant with respect to goods of the kind like the Masks purchased by InFocus.

26. Promier, at the time of contracting with InFocus, had reason to know the particular purpose for which the Masks were required and that InFocus was relying on Promier's skill or judgment to select or furnish suitable goods for that particular purpose.

27. Promier breached its implied warranties of merchantability and fitness for a particular purpose because the Masks failed to meet the established performance standard and failed to contain the required labeling.

28. InFocus has suffered and will continue to suffer substantial economic loss as a direct and proximate result of Promier's breach of its implied warranties alleged herein. InFocus is entitled to a return of the purchase price it paid to Promier and its incidental and consequential damages as a result.

## FOR A FOURTH CAUSE OF ACTION
### (Conversion)

29. InFocus re-alleges and incorporates by reference all allegations of this Complaint as if fully restated herein.

30. InFocus is the rightful owner of the funds it paid to Promier for the purchase of the rejected Masks.

31. Promier has converted InFocus's funds for its own use by refusing to return the purchase price to InFocus without InFocus's permission and despite InFocus's demands for return of the funds.

32. Promier's wrongful retention of the purchase price for the Masks has caused InFocus significant harm.

33. As a direct and proximate result of Promier's actions, InFocus has been damaged in an amount to be determined at trial.  InFocus is entitled to recover both actual and punitive damages as a result of the conversion.

## FOR A FIFTH CAUSE OF ACTION
### (Quantum Meruit/Unjust Enrichment)

34. InFocus re-alleges and incorporates by reference all allegations of this Complaint as if fully restated herein.

35. InFocus conferred a non-gratuitous benefit upon Promier by its payment to Promier for the Masks.

36. Promier realized that benefit when it received the payment for the Masks.

37. Promier's retention of that payment is unjust as the Masks were rightfully rejected as non-conforming and the masks were returned to Promier but Promier refuses to return the payment to InFocus.

38. Promier's actions were wrongful and performed to unjustly enrich Promier at InFocus's expense.

39. As a direct and proximate result of Promier's improper conduct, Promier has been unjustly enriched in an amount to be determined at trial, and InFocus is entitled to a return of the purchase price it paid to Promier and the disgorgement of any and all benefits received by Promier as a result of its wrongful actions.

## FOR A SIXTH CAUSE OF ACTION
### (Violation of South Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39-5-10 et seq.)

40. InFocus re-alleges and incorporates by reference all allegations of this Complaint as if fully restated herein.

41. Promier violated the South Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39-5-10 et seq., by wrongfully refusing to return InFocus's payment for the Masks.

42. Promier's wrongful retention of InFocus's payment affects the public interest and is capable of repetition and, upon information and belief, has been repeated with at least one other Promier customer. InFocus purchased the Masks for the benefit of its customer TDEM and, in turn, the public at large, for use in the ongoing global public health emergency caused by COVID-19, and the FDA and TDEM found that the manufacturer of these Masks was no longer approved because the masks failed to meet the standard for protection of the user as required. Moreover, upon information and belief, Promier has sold KN-95 masks produced by a manufacturer that is no longer approved by the FDA to other customers and is refusing to refund the purchase price for those masks after they were rejected by at least one other customer. Promier may be withholding or could withhold funds from additional similarly-

6

situated purchasers as a result of its' sourcing of masks that fail to meet the standards necessary to protect the members of the public at large.

43. Promier's actions have damaged InFocus in an amount to be proven at trial.

44. Promier willfully or knowingly violated the South Carolina Unfair Trade Practices Act and, therefore, InFocus is accordingly entitled to treble damages.

45. InFocus is further entitled to its reasonable attorney's fees and costs in bringing this action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, InFocus respectfully requests that the Court enter judgment in its favor on each of its causes of action and award the following relief:

a) Award InFocus its actual, consequential, incidental, and punitive damages on the above claims;

b) Award InFocus statutory damages, including treble damages and attorney's fees and costs; and

c) Award InFocus such other and further relief that the Court may deem just and proper.

<u>s/ Jennifer H. Thiem</u>
Jennifer H. Thiem (Fed. ID No. 9797)
Email:  jennifer.thiem@klgates.com
Russ S. Abrams (Fed. ID No. 12293)
Email: russ.abrams@klgates.com
Tara C. Sullivan (Fed. ID No. 11095)
Email:  tara.sullivan@klgates.com
K&L GATES LLP
134 Meeting Street, Suite 500
Charleston, SC 29401
Phone:  (843) 579-5600
Fax:  (843) 579-5601

ATTORNEYS FOR PLAINTIFF
INFOCUS HEALTHCARE
CONSULTANTS, LLC

June 2, 2020
Charleston, South Carolina

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| InFocus Healthcare Consultants, LLC | ) | Civil Action No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **VERIFICATION** |
| | ) | |
| Promier Products Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Joshua S. Lambert, being first duly sworn, deposes and says that: he is the President of InFocus Healthcare Consultants, LLC; that he has read the foregoing Verified Complaint; and that he believes the facts and allegations of the Verified Complaint to be accurate based on either his own personal knowledge or the review of documentation.

_____
Joshua S. Lambert
President, InFocus Healthcare Consultants, LLC

SWORN to and subscribed before me
this 2nd day of June, 2020.

_____
Notary Public for SC
My commission expires: March 3, 2027

Error! Unknown document property name.  February 8, 2019